COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


TURZAC CONSTRUCTION CORPORATION

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0221-06-1                 JUDGE ELIZABETH A. McCLANAHAN
                                                           JANUARY 23, 2007
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF PROFESSIONAL AND
 OCCUPATIONAL REGULATION,
 BOARD FOR CONTRACTORS


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

              James T. Lang (William A. Lascara; Pender & Coward, P.C., on
              briefs), for appellant.

              Eric A. Gregory, Assistant Attorney General (Robert F.
              McDonnell, Attorney General; James W. Hopper, Senior Assistant
              Attorney General; Elizabeth B. Peay, Assistant Attorney General,
              on brief), for appellee.


       Turzac Construction Corporation (Turzac) appeals the City of Hampton Circuit Court's

decision affirming an administrative decision of the Department of Professional and

Occupational Regulation, Board for Contractors (Board).  The Board ruled that Turzac violated

its regulation by hiring four unlicensed subcontractors and imposed a $4,000 sanction on Turzac.

For the following reasons, we reverse.


---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

Turzac, a licensed general contractor, hired subcontractors to perform work in the construction of a home in 2000.  Unknown to Turzac,[1] four of the subcontractors were not licensed contractors by the Board.[2]  The Board determined that Turzac violated 18 VAC 50-22-260(B)(14) of the Board's May 1, 1999 regulations by hiring the four unlicensed subcontractors.  The Board imposed a $1,000 sanction for each unlicensed subcontractor Turzac hired, totaling $4,000.

## II.  ANALYSIS

On appeal of an administrative agency's decision, "the party complaining of an agency action has the burden of demonstrating an error of law subject to review."  Hilliards v. Jackson, 28 Va. App. 475, 479, 506 S.E.2d 547, 549 (1998); see Code § 2.2-4027.  On review, "the interpretation which an administrative agency gives its regulation must be accorded great deference" provided the interpretation is reasonable.  Va. Real Estate Bd. v. Clay, 9 Va. App. 152, 159, 384 S.E.2d 622, 626 (1989).  In such an instance, we will reverse only to correct "'arbitrary or capricious [agency] action that constitutes a clear abuse of the delegated discretion.'"  Id. (quoting Va. Alcoholic Beverage Control Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)); see also Hilliards, 28 Va. App. at 480, 506 S.E.2d at 550 (rejecting agency interpretation of its own regulation); Life Care Ctr. of New Market v. Dept. of Medical Assistance Servs., 25 Va. App. 513, 521, 489 S.E.2d 708, 712 (1997) (noting well established principle that arbitrary and capricious agency action is invalid).

---

[1] The only evidence before the Board on the question whether Turzac was aware that the subcontractors were unlicensed was an affidavit submitted by Turzac's vice-president.  This evidence was uncontested in the Board proceedings.

[2] Code § 54.1-1103(A) states, in pertinent part, "[n]o person shall engage in, or offer to engage in, contracting work in the Commonwealth unless he has been licensed . . . ."

Actions are defined as arbitrary and capricious when they are "willful and unreasonable" and taken "without consideration or in disregard of facts or law or without determining principle." Black's Law Dictionary 105 (6th ed. 1990). The Virginia Supreme Court has held that an act was arbitrary and capricious if the agency "departed from the appropriate standard in making its decision." Johnson v. Prince William County Sch. Bd., 241 Va. 383, 389 n.9, 404 S.E.2d 209, 212 n.9 (1991).

The Board found that Turzac violated the language in 18 VAC 50-22-260(B)(14) (1999),[3] which, in 1999, stated in pertinent part: "The following are prohibited acts: . . . 14. *Assisting* an unlicensed/uncertified contractor to violate any provision of Chapter 1 or Chapter 11 of Title 54.1 of the Code of Virginia, or these regulations . . . ."[4] (Emphasis added). The regulations contain no definition for the term "assisting." The Board found that "Turzac's action of hiring [the subcontractors], to perform work at the subject property [was] a violation" of the 1999 (B)(14) regulation.

---

[3] The 1999 (B)(14) regulation was carried forward in the 2001 regulations as (B)(18) with changes. The 2001 (B)(18) provision prohibits licensed contractors from "assisting another to violate any provision of Chapter 1 (§ 54.1-100 et seq.) or Chapter 11 (§ 54.1-1100 et seq.) of Title 54.1 of the Code of Virginia, or this chapter . . . ."

In 2001, the Board also amended its regulations by adding (B)(29), a new provision prohibiting contractors from "contracting with an unlicensed or improperly licensed contractor or subcontractor in the delivery of contracting services," an explicit "strict liability" provision that would directly forbid Turzac's conduct in this case. See 18 VAC 50-22-260(B)(29) (2001). If, in fact, the 2001 (B)(29) regulation were applicable, Turzac would have obviously violated that regulation when it "contracted" with the four unlicensed subcontractors because knowledge of the subcontractors' licensure status is irrelevant for purposes of ascertaining whether a violation of the 2001 (B)(29) regulation has occurred.

The Board initially relied on the (B)(29) regulation as the basis for the violations in its correspondence to Turzac; however, once Turzac notified the Board that the (B)(29) regulation was enacted subsequent to the time frame of the alleged violations, the Board modified its ground and relied on the 1999 version of (B)(14).

[4] It is a violation of Chapter 11 of Title 54.1 to engage in the practice of contracting without a license. See *supra* n.2.

- 3 -

Turzac contends it did not violate the 1999 (B)(14) regulation because it did not know the subcontractors it hired were unlicensed.[5] Turzac argues absent some knowledge or intent to violate the regulations, Turzac's hiring of the subcontractors is not equivalent to "assisting" an unlicensed contractor to violate the (B)(14) regulation prohibition. Turzac, citing Webster's Dictionary, states that the term "assist" means "an act of helping;" and advocates that one has not assisted unless he knows the other's purpose. Furthermore, Turzac asserts that the 1999 (B)(14) regulation does not contain any language imposing an affirmative duty to investigate the licensure status of its subcontractors.

The Board takes contrary and inconsistent positions as to the standard it used to interpret "assisting" under the 1999 regulation, including on the day this case was argued orally before this Court. The Board argues, in its brief, "[w]hatever Turzac's intent or lack thereof, it is irrelevant" because (B)(14) "does not require that the violation be intentional." The Board, on brief, then contrarily advocates "Turzac could have easily inquired as to the license status of the subcontractors that [it] hired." It further states "[i]t is only reasonable to expect Turzac" to "perform the due diligence required to make such a determination before actively engaging an unlicensed [subcontractor]," suggesting (B)(14) required Turzac to inquire about its subcontractors' licensure status. Otherwise stated, the Board posits that Turzac should have known that its subcontractors were not licensed.

The Board cannot articulate whether, in interpreting the term "assisting" in the 1999 regulation, it applied a "should have known" standard or whether it applied a "strict liability" standard, rendering knowledge and intent irrelevant. The Board advances inconsistent legal

---

[5] The 1999 (B)(14) regulation is silent on this point, and the Board, in its recommendation or order, did not offer any authority for its conclusion that "hiring" an unlicensed contractor "to perform work at the subject property is a violation of Board Regulation 18 VAC 50-22-260(B)(14)."

theories about Turzac's duty under the regulation, changing positions no less than seven times, stating the standard was "strict liability," and also stating "the more correct connotation of it would be a should have known [standard]."[6]  In contrast to strict liability, if the Board applied a "should have known" standard, we ask whether the record contains substantial evidence that Turzac "should have known" that its subcontractors were unlicensed.  See Used Equipment Sales, Inc. v. Dept of Transportation, 54 F.3d 862, 866 (D.C. Cir. 1995); see also Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 268-69, 308 S.E.2d 123, 125-26 (1983) (applying "substantial evidence" standard); Crutchfield v. State Water Control Bd., 45 Va. App. 546, 553-54, 612 S.E.2d 249, 253-54 (2005) (same).  Thus, whether the Board applied a "strict liability" or "should have known" standard is not a theoretical or academic question only, but rather central to the case.  See Used Equipment Sales, Inc., 54 F.3d at 866 (*de facto* strict liability standard and "should have known" standard were mutually exclusive).

The Board asks us to defer to its interpretation of the 1999 regulation and yet it cannot give one consistent explanation of its interpretation.  The Board is unable to articulate the standard by which Turzac was adjudged to have violated the regulation, and the multiple inconsistent positions taken is unreasonable and defies any determination, much less application,

---

[6] The Board stated, "[i]f they hire unlicensed subcontractors, they are assisting those contractors to violate the regulation requiring licensure, therefore they are in violation."  The Board thereafter contended "[w]here a contractor chooses to engage the services of another contractor, the burden is upon them [to check the licensure status]."  Later, the Board stated "[i]n this circumstance, a strict liability situation applies.  But, generally speaking, contractors should know.  They certainly should know."  When asked to clarify the standard, the Board stated "Turzac certainly should have known whether those contractors were licensed.  If they did not know, they should have checked. . . . Turzac should have checked.  Turzac did not check."  In the same argument, the Board then stated, "if you hire and engage the services of an unlicensed contractor, that is assisting that contractor. . . . [T]here is no willful intent required for this regulation," and "strict liability" applies.  The Board later contended "that it's a should have known standard.  However, in this case, Turzac certainly should have known and they assisted.  Period.  They hired and engaged and therefore they violated the regulation."  The Board then stated, "[i]f I may correct myself, I would not say that this is strict liability. . . . Turzac certainly should have known."

of a principle of law. The Board's interpretation and construction of its regulation was, therefore, arbitrary and capricious agency action "not governed by any fixed rule or standard." Black's Law Dictionary, supra, at 104; see also Clay, 9 Va. App. at 161, 384 S.E.2d at 627 (citing Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988)).

Because Turzac substantially prevailed on the merits of the case, the Board's position is not substantially justified, and the record reflects no "special circumstances" that would render unjust the award of attorneys' fees, we remand the case to the circuit court for an award of reasonable costs and attorneys' fees not to exceed $25,000. See Code § 2.2-4030(A)[7]; see also Dep't of Med. Asst. Servcs. v. Beverly Healthcare of Fredericksburg, 268 Va. 278, 288, 601 S.E.2d 604, 609 (2004); Dep't of Prof'l and Occupational Regulation v. Abateco Servs., Inc., 33 Va. App. 473, 484, 534 S.E.2d 352, 357-58 (2000). We reverse the circuit court's order, vacate the sanctions imposed, and remand for further proceedings consistent with this opinion.[8] See Code § 2.2-4029.

                                                            Reversed and remanded.

---

[7] Code § 2.2-4030(A) provides:

> In any civil case brought under Article 5 (§ 2.2-4025 et seq.) of this chapter . . . in which any person contests any agency action, such person shall be entitled to recover from that agency, . . . reasonable costs and attorneys' fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust. The award of attorneys' fees shall not exceed $25,000.

[8] In light of our decision, it is not necessary to address Turzac's other assignments of error.